

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**MARCUS DEWAYNE SMITH,**

    Petitioner,

v.                                       CRIMINAL ACTION NO. 4:21-cr-043
                                        CIVIL ACTION NO. 4:22-cv-117

**UNITED STATES OF AMERICA,**

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Marcus DeWayne Smith's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Pet'r's Mot. Vacate, ECF No. 33 ("Mot."). The Government opposed the Motion. Resp't's Mem. Opp. Pet'r's Mot. Vacate, ECF No. 36 ("Mem. Opp."). Petitioner replied. Pet'r's Reply to Resp't's Mem. Opp. Pet'r's Mot. Vacate, ECF No. 37 ("Reply"). The matter is now ripe for judicial determination. Having reviewed the Motion and relevant filings, the Court finds that a hearing is not necessary to address Petitioner's Motion. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I.   FACTUAL AND PROCEDURAL HISTORY

On June 30, 2021, Petitioner was named in a four-count Indictment. Indictment, ECF No. 1. Petitioner was charged with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count One); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Count Two); Possession of a Firearm in furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and Felon in Possession of a

1

Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four). *Id.* On August 8, 2021, Attorney Shawn M. Cline appeared for the first time as counsel in this case for Petitioner. ECF No. 15. On September 15, 2021, Petitioner pled guilty to Counts One and Three of the Indictment pursuant to a Plea Agreement. Plea Agreement Hr'g, ECF No. 18; Plea Agreement, ECF No. 19.

According to the Presentence Investigation Report ("PSR"), Petitioner distributed narcotics from various hotels throughout Newport News, Virginia. Presentence Inv. Report ¶ 3, ECF No. 23 ("PSR"). On July 31, 2020, a search warrant was executed on Petitioner's hotel room at the Days Inn in Newport News, Virginia. *Id.* During the search 11.34 grams of cocaine, 82 prepackaged glassine packets containing a total of 24.7 grams of a mixture of heroin, fentanyl, and tramadol, two digital scales, two loaded semiautomatic handguns, $8,000 in U.S. currency, and personal items belonging to Petitioner were recovered. *Id.* Petitioner was attributed with 24.7 grams of fentanyl and 11.34 grams of cocaine from the search of Petitioner's hotel room. *Id.* at ¶ 7. Petitioner was assessed a Criminal History Category of VI (criminal history score of 16) and received a recommended Sentencing Guidelines range of 262 - 327 months of imprisonment. *Id.*[1] at ¶¶ 63, 110. On January 19, 2022, the Court sentenced Petitioner to a total term of 216 months imprisonment, consisting of 156 months on Count One and 60 months on Count Three to be served consecutive to Count One. J., ECF No. 31. No appeal was filed.

On July 1, 2022, Petitioner timely filed the instant *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Mot. Petitioner claims that his sentence should be vacated because (1) the Court erroneously applied the career offender enhancement at

---

[1] The Career Offender Table in U.S.S.G. § 4B1.1(c)(3) was properly used to determine Petitioner's final applicable guideline range of 262 – 327 months' imprisonment. *See* PSR ¶¶ 33, 34, 109, & 110. Because of his sixteen (16) criminal history points, Petitioner was firmly established as having a criminal history category of VI pursuant to U.S.S.G. Chapter 5, Part A. However, Petitioner's career offender status also placed him in criminal history category VI pursuant to U.S.S.G. § 4B1.1 regardless of his criminal points. As a criminal history category VI defendant – both by his own criminal history score as well as his career offender status – with an offense level of 29, Petitioner's sentencing guidelines range would be 151 – 188 months, plus 60 months consecutive.

2

sentencing and (2) his counsel was ineffective. *Id.* at 4-5, 11. On August 22, 2022, the Government replied in opposition. Mem. Opp. On September 12, 2022, Petitioner replied. Reply.

## II. LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at

3

492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### B. Ineffective Assistance of Counsel Claim

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An ineffective assistance of counsel claim is properly raised on a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* To demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States*

4

*v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If a petitioner cannot meet either component of the *Strickland* test, the ineffective-assistance claim will fail. *Id.* at 700. The Court need not address both components of the test if petitioner makes an insufficient showing on one prong. *Id.* at 697.

### III. DISCUSSION

#### A. Career Offender Enhancement

Petitioner first argues that his sentence should be vacated because the Court erroneously applied the career offender enhancement at sentencing, in violation of his Fifth and Fourteenth Amendment rights to due process. Mot. at 4, 12-14, 16. Under North Carolina law, Defendant argues that the Court improperly classified his consolidated sentence for career offender purposes. Mot. at 13-14; Reply at 1-4. In response, the Government contends that Petitioner's claim lacks merit based on the factors discussed in *United States v. Carr*, 592 F.3d 636 (4th Cir. 2010) and the U.S. Sentencing Guidelines (the "Guidelines"). For the reasons discussed in more detail below,

the Court finds that the United States Court of Appeals for the Fourth Circuit precedent and the Guidelines foreclose Petitioner's argument.

Section 4B1.1(b)(3) of the Guidelines instructs courts to apply a four-level enhancement to a defendant who qualifies as a career offender. A defendant qualifies as a career offender if he is "at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(b). Accordingly, when assessing whether a defendant has any prior felonies, courts must review a defendant's criminal history to determine whether a defendant's multiple prior sentences must be counted separately or treated as a single sentence.

In 2013, Petitioner sustained several state convictions that serve as the basis for his career offender enhancement. In 2010 and 2011, Petitioner was arrested for several felonies that occurred within fifteen months of each other, including: Possession with Intent to Distribute a Schedule II controlled drug, Possession with Intent to Distribute Cocaine, felony Eluding Arrest, Intimidating a Witness, and Assault with a Deadly Weapon. PSR at ¶¶ 54-59. On June 6, 2013, Petitioner received a consolidated sentence of 96 to 125 months incarceration for the above offenses. *Id.* Within seven months of his release from custody in 2019, Petitioner was arrested for the instant offense. *Id.* at ¶¶ 85-86. Now Petitioner argues that his previous state convictions should not have been considered as separate felony offenses because he received a consolidated sentence in a single sentencing event in June 2013.

The Court was permitted to separately count each offense underlying the consolidated sentence based on the varying offense conduct and arrest dates that led to Petitioner's conviction. In *United States v. Carr*, the Fourth Circuit directed courts to assess whether events grouped within

6

a consolidated sentence qualify as separate felonies for sentencing purposes based on whether they: (1) arose in different geographic locations; (2) involved substantively different offense natures; (3) involved different victims; (4) involved different criminal objectives; and (5) involved the defendant having the opportunity to make a "conscious and knowing" decision to engage in each subsequent offense. 592 F.3d 636, 644 (4th Cir. 2010). Based on the factors above, it is clear that Petitioner's consolidated sentence included distinct felonies that qualify as separate incidents for sentencing purposes. Petitioner's sentence may not be counted as a single conviction because it involved several offenses that occurred in different locations, involved different victims and criminal objectives that were substantively different in nature. In addition, the prior felonies highlighted in the presentence report involved Petitioner's conscious and knowing decision to engage in the separate offenses. The *Carr* factors clearly support the Court's review of Petitioner's consolidated sentence and finding that Petitioner's distinct criminal conduct should be counted as separate felonies at sentencing.

  Finally, the Guidelines explicitly state that all prior state felony offenses count for enhancement purposes. U.S.S.G. §4A1.12(a)(2), "Prior Sentence," provides: "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S. Sent'g Guidelines Manual §4A1.12(a)(2) (U.S. Sent'g Comm'n 2016) ("U.S.S.G. Manual"). On May 8, 2010, Petitioner was arrested for possessing with intent to distribute a schedule II controlled substance, among other charges, and released on bond. PSR at ¶ 54. Then on August 2, 2010, Petitioner was arrested on similar charges for possessing with intent to distribute cocaine. *Id.* at ¶ 55. These initial arrests were followed by three other criminal incidents, including an arrest on December 4, 2011 for assault with a deadly weapon. *Id.* at ¶¶ 56-

59. Within a few months of Petitioner's release from state custody, he was arrested for the instant offenses and later pled guilty to possessing with intent to distribute fentanyl (a controlled substance offense) and possessing a firearm in furtherance of a drug trafficking crime (a crime of violence). Accordingly, the facts in this case clearly support Petitioner's career offender status and Petitioner's offense level was properly increased by four levels pursuant to U.S.S.G. §4B1.1.

### B. Ineffective Assistance of Counsel

Next, Petitioner argues that his trial counsel was ineffective because he did not object to the career offender enhancement or appeal the alleged sentencing error, in violation of his Sixth Amendment right to counsel. Pet'r's Mot. at 19-21. Specifically, Petitioner contends that counsel's alleged failure to challenge the erroneous application of the Guidelines demonstrates that counsel's performance was deficient and prejudiced Petitioner's defense. *Id.* at 15. However, Petitioner's counsel had no legal or factual basis to argue against the enhancement. As discussed above, the career offender enhancement was properly applied within the presentence report. Despite Petitioner's contentions, the Court considered the impact of the career offender enhancement and the underlying state felony convictions at sentencing. Additionally, the Court notes that Petitioner's counsel advocated for a 180-month term of imprisonment and explicitly argued that the application of the career offender enhancement significantly effected Petitioner's guidelines range. ECF No. 25 at 5 (arguing that Petitioner's release on bond allowed him to commit additional crimes that resulted in a significant enhancement to his sentencing guidelines although they form a single sentencing event). Ultimately, Attorney Cline's decision not to appeal the four-level enhancement was both reasonable and not prejudicial. *Strickland*, 466 U.S. at 687. Accordingly, the Court finds that Petitioner's ineffective-assistance claim fails because counsel's performance was not deficient. *Id.* at 697-700.

## C. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion, ECF No. 33, is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
August 7, 2023

Raymond A. Jackson
United States District Judge